**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL SEAN NICHOLSON,   )
                    )
         Plaintiff,   )   Civil Action No. 05-1212
                    )
    v.               )   Magistrate Judge Caiazza
                    )
STEVEN KOBER, *et al.*,    )
                    )
         Defendants.  )

## OPINION AND ORDER

### I.  OPINION

For the reasons that follow, the Defendants' Motion for Summary Judgment (*see* Doc. 29) will be granted regarding the Plaintiff's municipal liability claim,[1] and their Motion to Dismiss (*see id.*) will be granted on his excessive force claim.

The Plaintiff Michael Sean Nicholson ("Mr. Nicholson") brings an excessive force claim against the Defendant Officer Steven Kober ("Officer Kober"), arising from an incident that occurred in September 2003.  *See generally* Compl. at ¶ 79. The incident led Mr. Nicholson to be charged with crimes under Pennsylvania statute, including two counts of aggravated assault against police officers.  *See generally* Criminal Docket in Ct. of

---

[1]  The Plaintiff concedes that the Defendants are entitled to judgment on the municipal liability claim.  *See* Pl.'s Opp'n Br. (Doc. 33) at 4. Summary judgment will be granted on this claim without further analysis.  *See generally* <u>Evans v. Nine West Group, Inc.</u>, 2002 WL 550477, *4 (E.D. Pa. Apr. 15, 2002) (court may grant summary judgment on unopposed claims as "abandoned") (citations omitted).

Comm. Pleas (filed as Doc. 31-11).[2]  After a jury trial, the
Plaintiff was convicted of these charges, *see* Crim. Docket, and
his conviction apparently remains on appeal.  *See generally*
Def.'s Br. (Doc. 30) at 11 (contemplating dismissal of this case
"until the conviction or sentence is reversed, expunged,
invalidated, or nullified" on appeal or through writ of habeas
corpus).

     In the instant Motion, the Defendants argue among other
things that the Plaintiff's excessive force claims are barred by
<u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Under *Heck*, if a
favorable judgment on a § 1983 damages claim would necessarily
imply the invalidity of the plaintiff's conviction, the claim
must be dismissed unless the plaintiff can demonstrate that the
conviction has already been invalidated.  <u>Jennings v. Fetterman</u>,
2006 WL 2351641, *2 (3d Cir. 2006) (citation to published,
binding authority omitted).  Here, success on the Plaintiff's

---

[2]  Mr. Nicholson was charged under 19 Pa. Cons. Stat. § 2702(a)(2),
which states:

>           A person is guilty of aggravated assault if he
>           . . . attempts to cause or intentionally,
>           knowingly or recklessly causes serious bodily
>           injury to [a police] officer[].

*Id.*  Nothing in the criminal proceeding indicates that Officer Kober
suffered actual bodily injury, so the Plaintiff necessarily was
charged with attempting to cause such harm.  *See* Ex. C to Doc. 31
(criminal trial transcript); *see also* court's jury instruction, Crim.
Trial Tr. at 320 (Doc. 31-10 at pg. 20 of 41) (to enter guilty
verdict, jury was required to find Mr. Nicholson "attempted to cause
serious bodily injury").

excessive force claim would necessarily imply the invalidity of his aggravated assault convictions, and his claim is barred.

Unsurprisingly, Mr. Nicholson and Officer Kober tell differing versions of the September 2003 incident.  In his Complaint,[3] the Plaintiff alleges the following.

After some initial exchanges regarding the Plaintiff's activities and his explanations regarding the same, Officer Kober asked Mr. Nicholson if he could check him for weapons.  *See* Compl. at ¶¶ 23-31, 35-36, 50-51.  Mr. Nicholson did not respond, and shortly thereafter began to walk away and then run.  *Id.* at ¶ 55.  Officer Kober fired three shots at the Plaintiff, hitting him once in the back.  *Id.* at ¶ 64.  According to the Complaint, Mr. Nicholson never turned back toward the Officer after running, nor did he pull the gun he was carrying. *Id.* at ¶ 65.

---

[3]  To determine whether the *Heck* bar applies, courts have looked to, (a) the theor(ies) presented during the criminal proceeding, and/or (b) the allegations in the subsequent Section 1983 action.  Jennings, 2006 WL 2351641 at *2 (considering "theory" of defense in criminal proceeding); *accord* Garrison v. Porch, 2007 WL 776799, *5 (D.N.J. Mar. 9, 2007) (same); *see also* 20-NOV CBA Rec. 58 (2006) (court examines Section 1983 allegations for inconsistency with underlying conviction) (citations omitted).  Here, the defense theory in the criminal case and the allegations in the Complaint are essentially the same.  *Compare* defense counsel's closing argument in criminal proceeding (Crim. Trial Tr. at 287-88) *with* discussion *infra* in text (paraphrasing allegations in Complaint).  Given Mr. Nicholson's failure to testify at the criminal trial, and his invocation of the Fifth Amendment right against self incrimination during his deposition in this case, *see* Defs.' Br. at 5-6, the best source of the Plaintiff's version of events is found in his Complaint.

According to Officer Kober, while the Plaintiff was fleeing an attempted lawful search for weapons, Mr. Nicholson removed a loaded handgun from the waist of his pants and pointed the gun at him and another officer. *See* Def.'s Br. at 4 (citing supportive excerpts of Criminal Trial Tr.).  Officer Kober did not wield his gun until he saw the Plaintiff reach for something at his waist, indicating Mr. Nicholson might be going for a weapon. *Id.* The Defendant fired at the Plaintiff in self-defense, only after the suspect pointed his previously concealed weapon at the Officer; the entire incident lasted only a matter of seconds. *Id.*

After hearing all of the evidence, along with both versions of events, the jury returned a guilty verdict against Mr. Nicholson on, among other things, two counts of aggravated assault for attempting to cause serious bodily injury to a police officer. *See* discussion *supra*.

As just seen, the jury necessarily rejected Mr. Nicholson's claim that Officer Kober shot him in the back without provocation.  Indeed, the only way the fact finder logically could have concluded the Plaintiff attempted to cause serious bodily injury was to credit the Officer's assertion(s) that the Plaintiff reached for and/or pointed his weapon in the first instance.  Success on the contrary claims in the Complaint would "necessarily imply the invalidity of the [P]laintiff's conviction,"

-4-

and his claims are barred under *Heck*.  Jennings, 2006 WL 2351641 at *2.

This conclusion is consistent with, if not compelled by, the law of this circuit.  In both Jennings, cited *supra*, and Smith v. Mitchell, 2000 WL 33256676 (D.N.J. Nov. 21, 2000), the courts confirmed that excessive force claims were barred by *Heck* because the juries had implicitly rejected the plaintiffs' claims of self-defense to aggravated assault and a similar charge.  *See* Smith at *3 ("[b]ecause self-defense is a justification defense to the crime of" aggravated assault, "the jury must have found that the amount of force exercised by [the] plaintiff exceeded that used by [the] defendant [officer]"; § 1983 action was barred because it required jury to find officer's use of force unreasonable, which would invalidate aggravated assault conviction) (citation and internal quotations omitted); *see also* Jennings, 2006 WL 2351641 at *2 (affirming district court's application of *Heck* where plaintiff's attempted homicide conviction "necessarily meant that the jury had rejected [his] theory that he had shot at [the officer] in self defense"; "a judgment in favor of [the plaintiff] on his excessive force claim would contradict this jury finding and, by logical extension, invalidate the attempted homicide conviction").

In a decision even more on point, the court in <u>Garrison</u> found *Heck* applicable where the plaintiff theoretically proceeded on the premise that "he never attempted to, or actually did, cause bodily injury to" the defendant-officer.  *Id.*, 2007 WL 776799 at *5.  With little reservation, the district court recognized the obvious contradiction between this theory and the plaintiff's conviction of simple assault.  *Id.*[4]

Finally, applying *Heck* here would be consistent with the court decisions holding, as a matter of law, that an applicable "justified use of force" statute precludes a finding of excessive force under Section 1983.  The court in <u>Sappington v. Bartee</u>, for example, applied Texas law to conclude:

> [T]he [plaintiff's] criminal conviction necessarily implies that [the defendant] did not use excessive force.  [The plaintiff] was convicted of aggravated assault.  Conviction for aggravated assault required proof that [he] caused 'serious bodily injury.' Tex. Pen. Code § 22.02(a)(1). . . .

_____

[4]  Notably, the aforementioned court decisions also are consistent with the "objective reasonableness" test applied in the context of excessive force.  *See generally* <u>Kopec v. Tate</u>, 361 F.3d 772, 776-77 (3d Cir.), *cert. denied*, 543 U.S. 956 (2004).  Among other things, the courts look to "the severity of the crime at issue," "whether the suspect poses an immediate threat to the safety of the officers or others," "whether he actively is . . . attempting to evade arrest by flight," "the possibility that the person[] subject to the police action [is] violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest," and "the possibility that the suspect may be armed."  *Id.*  All of these factors dovetail with the facts alleged by the prosecution and the crimes with which Mr. Nicholson was charged and ultimately convicted. *See generally* discussions *supra*; *see also* Crim. Docket (plaintiff found guilty of aggravated assault, receiving stolen firearm, being former convict in possession of firearm, carrying firearm without license, and reckless endangerment).

-6-

> [Also u]nder Texas law, any person can use
> force up to and including deadly force 'to
> protect himself against the other's use or
> attempted use of unlawful deadly force.'
> Tex. Pen. Code § 9.32(3)(A). 'Deadly force'
> is defined as 'force that is intended or
> known by the actor to cause, or in the manner
> of its use or intended use is capable of
> causing, death or serious bodily injury.'
> Tex. Pen. Code § 9.01(3). . . .
>
> [The plaintiff's] criminal conviction
> required proof that he caused serious bodily
> injury to [the officer].  [The officer] was
> justified in using force up to and including
> deadly force to resist the assault and effect
> an arrest.  As a matter of law, therefore,
> the force allegedly used by [the defendant]
> cannot be deemed excessive.

*Id.*, 195 F.3d 234, 237 (5th Cir. 1999); *see also, e.g.*, Singer v.
Roberts, 2000 WL 233291, *5 (N.D. Tex. Feb. 29, 2000) (finding
reasoning in Sappington "equally applicable to the case at bar").

Pennsylvania's statutory scheme is materially similar.
Under 18 Pa. Cons. Stat. § 505, regarding "[u]se of force in
self-protection,"

> [t]he use of force upon or toward another
> person is justifiable when the actor believes
> that such force is immediately necessary for
> the purpose of protecting himself against the
> use of unlawful force by such other person on
> the present occasion.

*Id.* at § 505(a).  The right to protect onself extends to applying
"deadly force" if "the actor believes that such force is
necessary to protect himself against death[ or] serious bodily
injury."  *Id.* at § 505(b)(2).

-7-

As seen above, *Heck* compels the conclusion (absent an invalidation of the Plaintiff's conviction) that Mr. Nicholson attempted to cause serious bodily injury to Officer Kober. Under Pennsylvania's self-protection statute, the Defendant was justified in using even deadly force to protect himself from such injury.  The Plaintiff's claim therefore is barred, as a matter of law, under *Heck*.

The only meaningful resistance offered in the Plaintiff's Opposition Brief is counsel's suggestion that a new set of unplead facts may change the outcome:

> If Officer Kober shot [Mr.] Nicholson in the back after a substantial threat to [his] life had ended, that conclusion has nothing to do with whether [Mr.] Nicholson, seconds before, aimed his gun at Officer Kober. . . .  It is logically consistent and possible that [Mr.] Nicholson criminally assaulted [Officer] Kober, and moments later [the Officer] violated [his] civil rights.  A reasonable jury could find that [the Defendant] acted excessively after the threat ended.  Thus, *Heck* is inapposite.

Pl.'s Opp'n Br. (Doc. 33) at 2.

This new theory is problematical on many levels.  First, it is wholly inconsistent with the Plaintiff's pleadings,[5] and leave to amend has neither been sought nor granted.  Second, it is contradictory to the defense presented in the criminal

---

[5]  *See* discussion *supra* (paraphrasing Complaint's allegations that Mr. Nicholson never threatened Officer Kober).

-8-

proceedings, which consistently was that Mr. Nicholson never threatened the officer. *See* Crim. Trial Tr. at 287-88 (defense counsel's closing argument, stating "[a]ll [Mr. Nicholson] was trying to do was get away," and highlighting purported inconsistencies in testimony regarding whether he pointed gun at officers); *see also* discussion *supra* (in applying *Heck*, court examines Section 1983 allegations for inconsistency with underlying conviction).  Finally, there exists not one shred of evidence in either the criminal trial, or here, to support the notion that more than minimal time passed between the aggravated assault and the Plaintiff's injury.  *See generally* <u>Jackson v. University of Pgh.</u>, 826 F.2d 230, 235 (3d Cir. 1987) (opposition to summary judgment must be based on more than "t[he] bare-bone allegations in [the non-movant's] brief") (citations and internal quotations omitted).[6]

For all of the reasons stated above, the court hereby enters the following:

---

[6]  Because the Plaintiff has failed to demonstrate any meaningful break between his aggravated assault and Officer Kober's use of force, the cases addressing temporal proximity are plainly distinguishable. *Cf., e.g.,* <u>Hogan v. City of Easton</u>, 2006 WL 2645158, *16 n.20 (E.D. Pa. Sept. 12, 2006) (where plaintiff's reckless endangerment charge was based on conduct one hour prior to his being shot, *Heck* did not apply; "[w]hen an officer faces a situation in which he could justifiably shoot, he does not retain the right to shoot [long] thereafter with impunity") (citations and internal quotations omitted).

## II.   ORDER

The Defendants' Motion for Summary Judgment (*see* **Doc. 29**) is **GRANTED** regarding the Plaintiff's municipal liability claim, and their Motion to Dismiss (*see id.*) is **GRANTED** regarding the excessive force claim.

July 6, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Thomas R. Ceraso, Esq.
Vincent J. Restauri, Jr., Esq.
Paul D. Krepps, Esq.